**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: CV 01-1662 RHK/RLE**

---

Nicholas Malchow,

Plaintiff,

-vs-

**STIPULATION TO AMEND PLAINTIFF'S COMPLAINT AND ORDER**

GMI Acquisition, Inc. d/b/a
Car/Truck City and
First National Repossessors, Inc.,

Defendants.

---

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties hereto, by their respective undersigned attorneys, that:

1. Plaintiff will file the attached proposed Amended Complaint, ten (10) days from the date of this Order.

2. Defendants will have twenty (20) days after service of Plaintiff's Amended Complaint to interpose an Answer or otherwise plead and is in no way an admission to the allegations in Plaintiff's Amended Complaint; and

3. That this Stipulation is in accordance with Fed. R. Civ. P. 15.

DATE: 1/15/02

Thomas J. Lyons, Jr.
CONSUMER JUSTICE CENTER, P.A.
Attorney I.D. #: 249646
342 East County Road D
Little Canada, Minnesota 55117
Telephone: (651) 770-9707

Thomas J. Lyons
THOMAS LYONS & ASSOCIATES, P.A.
Attorney I.D. #: 65699
342 East County Road D
Little Canada, Minnesota 55117
Telephone: (651) 770-9707

**Attorneys for Plaintiff**



MAR 21 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

DATE: 2-20-02

Daniel J. Boivin
MESHBESHER & SPENCE LTD.
Attorney I.D. #: 135215
1616 Park Avenue
Minneapolis, MN 55404
Telephone: (612) 339-9188

**Attorney for Defendant GMI Acquisitions**

DATE: 2-14-02

Karen Melling van Vliet
JOHNSON & VAN VLIET LLP.
Attorney I.D. #: 178810
332 Minnesota Street
Suite West 975
First National Bank Building
St. Paul, MN 55101
Telephone: 651-227-2534

**Attorney for Defendant First National Repossessors**

**ORDER**

Pursuant to the foregoing Stipulation, Plaintiff may serve upon the Defendants the Amended Complaint, which is attached hereto.

**LET THE STIPULATION BE ENTERED ACCORDINGLY.**

Dated: 3/20, 2002.

BY THE COURT:

RICHARD H. KYLE
United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: CV 01-1662 RHK/RLE**

---

Nicholas Malchow,

Plaintiff,

-vs-

**AMENDED COMPLAINT**

GMI Acquisition, Inc. d/b/a
Car/Truck City and
First National Repossessors, Inc.,

Defendants.

---

## INTRODUCTION

1. Plaintiff brings this action for damages to redress misrepresentations made by a car dealer during the consumer sale and financing of a motor vehicle. This Complaint is filed and these proceedings are instituted under the Truth in Lending Act for both statutory and actual damages, reasonable attorney's fees, and costs because of Defendant's violations of the federal consumer protection statute. See Polk v. Crown Auto., 221 F.3d 691 (4th Cir. 2000) and Lozada v. Dale Baker Olds, 91 F. Supp. 2d 1087 (W.D. Mich 2000).

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640(e), 49 U.S.C. § 32710(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for pendent state law claims. Declaratory relief is requested pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

3. Plaintiff, Nicholas Malchow is a natural person who resides in the County of Pine, in the State of Minnesota.

4. Defendant GMI Acquisition, Inc. d/b/a Car/Truck City (hereinafter "Defendant dealership") is a Minnesota corporation doing business at an address of 1405 6th Street South, Pine City, Minnesota 55063. That at all times relevant hereto, in the ordinary course of its business, Defendant regularly extended or offered to extend consumer credit for which a finance charge was to be imposed or which, by written agreement, was payable in more than four installments, making this Defendant a creditor within the meaning of the Truth in Lending Act, 15 U.S.C. § 1602(f) and Regulation Z, 12 C.F.R., § 226.2(a)(17).

5. Defendant First National Repossessors, Inc. (hereinafter Defendant "First National") is a Minnesota corporation and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff agreed to purchase a 2000 Chevrolet Extended Cab Z71 truck at Defendant dealership on or about March 26, 2001. (*See* Exhibit 1 attached – purchase agreement).

7. Plaintiff agreed to finance the truck through the dealership and as a result Defendant prepared a retail installment contract which included Truth in Lending Act disclosures but failed to provide a copy a for Plaintiff to take away from the dealership prior to execution. (*See* attached Exhibit 2 – Retail Installment Sales Contract).

8. Exhibit 2 failed to include separate agreements which the dealership and Plaintiff agreed to, specifically (a) that the $5000 down payment was to be made over several

installments; (b) that it was required that Plaintiff purchase a service contract and credit insurance; (d) that the promise that after 30 days the credit insurance and service contract could be cancelled; and (c) the prohibition that against Plaintiff canceling the credit insurance and service contract even after the 30 days elapsed, all in violation of Minn. Stat. §168.71(a)(1).

9. Both Defendant dealership's agents "Mr. Tech" Kevin Mold and Brain Sperry told Plaintiff that he had to purchase credit insurance and service contract in order for the Bank to extend financing, that Plaintiff could cancel after 30 days and then subsequent to April 25, 2001, would not allow him to cancel either after-market products.

10. With regard to the credit insurance Plaintiff attempted to cancel the credit insurance with his insurance agent but was told it was not allowed.

11. Even the credit insurance company would not allow Plaintiff to cancel and instead instructed Plaintiff to contact his dealership insurance agent in violation of Minnesota insurance law.

12. In response to Defendant breaching the contract Plaintiff, at the instruction and advice of the assignee Bank (Pine City State Bank) stopped making the final deferred down payment installment.

13. When Plaintiff refused to make the down payment installment the dealership, despite assigning all rights title and interest in Exhibit 2 to the bank, hired a third party agent (Defendant First National) to locate Plaintiff.

14. Defendant's agent First National employed deceptive and fraudulent means to locate Plaintiff when it went to Plaintiff's fathers on or about July 8, 2001 and lied to him

misrepresenting that he was an agent of the United States Censes Bureau. (*See* attached Exhibit 3).

15. Exhibit 3 is the handwritten notation from Defendants' agent "Trevor Young".

16. Defendant First National in its attempt to locate Plaintiff on behalf of the dealership invaded Plaintiff's privacy when it (a) publicized private facts to Plaintiff's father and disclosed Plaintiff's negative financial information and (b) intruded upon Plaintiff's seclusion when it misrepresented the nature and source of its entity during its attempts to locate Plaintiff.

17. As a direct result of Defendants' conduct Plaintiff has suffered actual damages in an amount to be proven at trial.

**TRIAL BY JURY**

18. Plaintiff is entitled to and hereby requests a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

**CAUSES OF ACTION**

**COUNT I.**

**INVASION OF PRIVACY**

**(Intrusion Upon Seclusion/Publication of Private Information)**

19. Plaintiff incorporates by reference paragraphs 1 through 21 as though fully stated herein.

20. Defendants' intentional and deliberate conduct resulted in an unreasonable intrusion upon Plaintiff's right to seclusion concerning his private and confidential matters and thus an invasion of his privacy.

21. Further, Defendants' intentional and deliberate conduct resulted in disclosure of private, confidential and false information to third parties, including but not limited to Plaintiff's father.

22. Defendants' conduct caused Plaintiff's out-of-pocket damages and emotional distress, embarrassment and humiliation.

**COUNT II.**

**VIOLATIONS OF THE TRUTH IN LENDING ACT**

23. Plaintiff incorporates by reference paragraphs 1 through 25 as though fully stated herein.

24. Defendant dealership violated this Act by failing to deliver any disclosures to Plaintiff in a form he could keep prior to her execution by signature and thus the consummation of the transaction as required by 15 U.S.C. § 1638(a) and 15 U.S.C. § 1638 (b)(1) and Regulation Z, 12 C.F.R. § 226.17(a) and (b).

25. Defendant dealership further violated this Act because it treated the disclosures on the Retail Installment Sales Contract as estimates about the terms of the credit that it might provide Plaintiff, and pursuant to Regulation Z, 12 C.F.R. § 226.17(c)(2), the disclosures should have been marked as estimates.

26. Specifically Defendant dealership violated 15 U.S.C. §1638(a) when it failed to provide the TILA disclosures prior to the extension of credit as required by 15 U.S.C. §1638(b)(1).

## COUNT III.

## VIOLATION OF MINNESOTA STATUTE § 168.71(a)(1)

27. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully stated herein.

28. That Defendant dealership failed to include all the agreements of the parties specifically those outlined at paragraph 8 herein in violation of Minn. Stat. §168.71.

29. As a result of Defendant's violation Plaintiff in entitled to statutory damages provided by Minn. Stat. §168.75 in addition to costs and reasonable attorney fees.

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant for:

a) award actual damages for Defendants' invasion of privacy in an amount not less than $10,000.00 for Plaintiff;

b) award statutory damages in the amount of twice the finance charge in accordance with the Truth in Lending Act, 15 U.S.C. § 1640(a)(2)(A)(i);

c) award Plaintiff costs and reasonable attorney's fees in accordance with the Truth in Lending Act;

d) award Plaintiff statutory damages pursuant to Minn. Stat. §168.75 for violations of Minn. Stat. §168.71(a)(1); and

e) for such other and further relief as may be just and proper.