UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Nicholas Malchow,

Plaintiff,

vs. MINUTE ORDER

GMI Acquisitions, Inc., d/b/a
Car/Truck City and First
national Repossessors, Inc.,

Defendants. Civ. No. 01-1662 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 27th day of August, 2002.

* * *

On August 27, 2002, the Court heard argument on the Plaintiff's informal Motion for a Protective Order, so as to conclude a line of questioning during the deposition of the Plaintiff. For these purposes, the Plaintiff appeared by Thomas J. Lyons, Esq., and the Defendant GMI Acquisitions, Inc., d/b/a Car/Truck City ("GMI"), appeared by Konstandinos Nicklow, Esq. Concluding that the questioning was relevant, for discovery purposes, we deny the Motion for a Protective Order.

This action arises from the purchase of a 2000 Chevrolet Extended Cab Z71 truck from the GMI on March 26, 2001. Among other claims, the Plaintiff asserts that violations of the Truth in

(21)

FILED AUG 27 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Lending Act occurred during the course of this transaction. Apparently, several months before the transaction, in March of 2001, the Plaintiff had completed the financial documents for the purchase of a different vehicle, at another dealership owned by GMI. Counsel for the Defendant, in an apparent attempt to determine the Plaintiff's familiarity with such financial documentation, attempted to inquire into the Plaintiff's completion of the earlier credit application, when counsel for the Plaintiff objected on relevance grounds -- urging that only the financial transaction alleged in the Plaintiff's Complaint is relevant for discovery purposes.

Although we tend to agree with the Plaintiff, that the relevance of the inquiry into prior credit transactions would appear to be on the fringes of relevance, we cannot say that the Plaintiff's familiarity with the completion of such documentation is outside the penumbra of discovery. Counsel for GMI represented that his questioning on the subject was close to an end, and we find that relevance has sufficiently been shown to allow the inquiry to be completed. We forewarned defense counsel that we did not regard this as warranting exhaustive discovery, and we commended his compliance with the "meet and confer" obligations of both the Federal Rules of Civil Procedure, and our Local Rules, so as to better inform opposing counsel as to the perceived relevance of the inquiry to which objection has been raised. In all probability,

given the represented brevity of the inquiry, coupled with an explication of relevance, would have obviated the intervention of the Court.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's informal Motion for a Protective Order is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE